S. Samuel Di Falco, S.
The petitioner for ancillary letters of administration c. t. a. is the daughter of the testator. The cross petitioners are the executors under the will of the now deceased widow of the testator, who died approximately 10 months after her husband. The testator, an Italian citizen, was domiciled in France. He left a holographic will, which is conceded to have been validly established at his domicile, and which appointed his wife as his “ general universal legatee.” It is also conceded that, under the law of France, the daughter is a forced heir, or a reserved heir, entitled to a portion of his estate. The will expresses the desire that the daughter ‘1 have her rights in my estate satisfied from the assets which I own in Egypt. ” No executor is named in the will.
*573 The sole asset of the testator in this jurisdiction is a possible claim to property held at Swiss Bank Corporation in New York. An action is pending in the Supreme Court, County of New York, in which the widow was plaintiff, the bank is defendant, and the petitioner was impleaded as defendant. The bank’s pleading in that action admits that it holds cash and securities in New York in a custodian account opened by the testator and his wife in New York “ as joint tenants, with right of survivorship, payable or deliverable to either or the survivor of them.” The widow claimed the assets as surviving joint tenant. The daughter demanded delivery to her on the theory that the instrument creating the account was void under the law of France and on the further ground that the testator did not intend to create a real joint account. Upon the death of the widow her executors were substituted as plaintiffs. On motion of the daughter, the Supreme Court stayed all proceedings ‘1 pending the appointment of a limited ancillary administrator with the will annexed * * * and his appearance as a party herein.”
There being no person named in the will as executor, this court must issue ancillary letters of administration with the will annexed 1 ‘ to the person otherwise entitled in the foreign * * * country to the possession of the personal property of the decedent.” (Surrogate’s Ct. Act, § 161.) Each party produced an expert on French law for the purpose of advising the court as to the person or persons entitled in France “ to the possession of the personal property of the decedent.” The two experts contradicted each other on every single phase of the law of France on this limited issue.
The opinion of the cross petitioners’ expert as to the seizin of the widow appears to the court to be correct and to be in accord with the statute and the decision. The contrary opinion does not seem to represent a reasonable interpretation of the statutes. The testimony with respect to the necessity of an exequatur points up one of the oddities of ancillary administration in New York. Ancillary administration, by its very nature, implies an administration subordinate or auxiliary to the principal administration at the domicile. (Steele v. Connecticut Gen. Life Ins. Co., 31 App. Div. 389, 399.) Insofar as this record shows, there is no administration of this estate actually being conducted at the domicile under the supervisión of any domiciliary court or agency. Hence the difficulty of the experts in trying to point Out who would be the 'principal administrator if there were á principal administration. As Surrogate Foley pointed out in explaining our statutory procedure: “ The provisions of these sections were purposely drawn by the Legislature *574 in broad terms because of the difficulty of describing the many forms of representatives of estates in foreign states and countries. The problem of the appointment of an ancillary representative in an estate of a resident of Great Britain and Ireland is relatively simple because the policy of administration of estates of those countries parallels that of the State of New York. Complications do arise in ascertaining the representative of the estate or the persons entitled to possession in the Latin countries, the other countries of Europe and of the other continents. In each case the special facts and the law of the country of domicile control. Our statutes, however, plainly look to the substance of the status and to the powers of the foreign representative or person entitled to possession rather than to the technical name of the representative employed in the foreign country.” (Matter of Renard, 157 Misc. 174, 178-179.) In other words, our policy is to grant ancillary letters to the person who is administering the decedent’s estate at the domicile, whatever be his title.
One of the disputes between the experts is whether the New York executors of the widow (assuming that the widow has seizin and that she was domiciled in New York) would be entitled to possession of the personal property in France without obtaining an exequatur — an order of the French court validating their authority to act in that country under their foreign (i.e., New York) letters. There seems to be no thought that permission would be refused or that the request is more than a formality. Petitioner contends that the cross petitioners could not be appointed in New York without getting the permission of a French court to collect assets in France although, insofar as this record shows, there do not appear to be any unadministered assets in France and the asset in which these parties are interested is in New York. This argument points up the fact that our ancillary administration often proceeds without any domiciliary administrator at all, and that in this respect our statute is, perhaps, too loosely drawn.
However, in the decision which this court has reached, it is unnecessary to decide whether our statute requires compliance with such formalities and the more difficult question whether the widow’s seizin would continue in her executors after her death. There is no doubt on this record that the petitioner is entitled to the possession of the personal property of the decedent in France. In the one view she had seizin jointly with the widow; in her own view, she has the sole right of possession. In either view she qualifies under our statute. The widow’s executors *575 claim the joint account as the widow’s property. The daughter claims that it belongs to the testator’s estate. The daughter has nominated a New York attorney as ancillary administrator. The court believes that under the circumstances, the best interests of all will be served by the appointment as prayed for in the petition, and in the exercise of the court’s discretion, the court will grant ancillary letters of administration with the will annexed to the person named by the petitioner. The letters are to be limited to proceeding in the action in the Supreme Court and will prohibit the collection of any asset or the disbursement or transmission of any property without the further order of this court. There being no property which the administrator can take into his possession at this time, no bond will presently be required.
The cross petitioners express the fear that petitioner or her nominee is interested only in delaying the Supreme Court action, and, in the event of the latter’s appointment, request decretal provisions for taking steps in that action. This court will not interfere with the course of action in the Supreme Court. The Supreme Court will grant the plaintiffs all the relief that is due them. However, inasmuch as the .Supreme Court action has been stayed pending the appearance of the ancillary administrator, he will be directed by this court to appear promptly and without any further delay.
The appointment of the petitioner’s nominee is not to be understood as approving in advance any action by the ancillary administrator c. t. a. in his prosecution of any claim or in incurring any expense. The responsibility for taking action must be and remain his.